McALLISTER *et al.*, Respondents, *vs.* TENNESSEE MARINE AND FIRE INSURANCE COMPANY, Appellant.

1. In this case, a policy of insurance upon a boat contained the following clause: "In case of partial damage over ten per cent. this company to pay in proportion as the sum insured is to the whole value of said boat; but not accountable for damages done by the bursting of a boiler or boilers, or the breaking of machinery, except when caused by external violence." The circumstances of the loss were the same as in the preceding case of *Roe & Kercheval* v. *Columbus Insurance Company*. *Held*, the principles decided in that case apply to the present.

*Appeal from St. Louis Court of Common Pleas.*

This was an action upon a policy of insurance on the steamboat St. Joseph. The case was submitted upon an agreed statement of facts, in which the circumstances of the loss are stated as follows:

" On the 23d day of January, 1850, when on a voyage from New Orleans to St. Louis, properly manned and equipped, at

about six o'clock in the evening (about forty miles below Napoleon, in Arkansas,) said boat was running with a full head of steam, when the larboard boiler blew out from the head of the flues up, which caused the boiler to rebound and lodge on the starboard cylinder, thus tearing away the stanchions, so that the boiler deck immediately fell down into the furnace and took fire. Every effort possible was made to extinguish the flames without success, and the boat burned to the water's edge, and was a total loss. The boat was towed in to the shore by another boat, and there scuttled and sunk, as the only means of saving the portion of the cargo in the hold, which was done on the deliberate advice and consent of the masters and officers."

The policy stated the perils insured against to be " of the rivers, fire, enemies, pirates, assailing thieves, and all other losses and misfortunes which shall come to the hurt, detriment or damage of the said steamer, according to the true intent and meaning of this policy."

A subsequent clause was as follows : " In case of partial damage over ten per cent., this company to pay in proportion as the sum insured is to the whole value of said boat ; but not accountable for damages done by the bursting of a boiler or boilers, or the breaking of machinery, except when caused by external violence."

The only question was, whether the loss was covered by the policy. The court below gave judgment for the plaintiffs, and the defendant appealed.

*E. & B. Bates,* for appellant. 1. The loss in this case was the immediate consequence of the bursting of the boiler and fairly attributable to it. *Roe & Kercheval* v. *Columbus Insurance Company.* 2. The Insurance Company is not liable for any loss occasioned by the bursting of a boiler. There is nothing in the policy to warrant the construction that the clause of exemption was intended to apply to partial losses only, either in the phraseology of the exception, or in its position in the policy, with reference to other parts of it. It de-

clares that the company is not responsible "*for damages* done by the bursting of a boiler," &c. What damages? It does not specify; it does not say damages amounting to a partial loss nor to a total loss. The answer must be, *all damages*, great and small. Assuming the decision in the case of *Glasgow, Shaw & Larkin* v. *Citizens' Insurance Company* to be correct, this case is clearly distinguishable from that, and is more like the case of *Roe & Kercheval* v. *Columbus Insurance Company*. The maxim, *noscitur a sociis*, cannot apply except where the words employed are doubtful. It cannot change the obvious meaning of the words, nor contradict the intention of the policy plainly expressed. 5 Cranch, 335. 1 Story's Rep. 360.

*John A. Kasson,* for respondents. 1. Fire and water, two of the perils insured against, were the proximate causes of the loss. The explosion had done its work—had destroyed as far as its power extended, when a new peril (fire) intervened, and was rapidly rendering a *total loss* what, without it, would have been but *partial*. The boat was then properly scuttled and sunk, as the best means of saving cargo and materials. The proximate cause of the loss alone ought to be considered. *Columbia Insurance Co. of Alexandria* v. *Lawrence*, 10 Peters, 507. *Waters* v. *Merchants' Lou. Ins. Co.*, 11 Pet. 213. *Bishop* v. *Pentland*, 7 B. & C. 219. 2. The exempting clause in the policy does not apply to cases of total loss. This is manifest from the use of the word "*damages.*" Who ever speaks of a thing totally lost as damaged? Again, it is manifest from the connection in which the clause is found. It occurs among the partial losses. An instrument should be construed most strongly against the maker. The case of *Glasgow, Shaw & Larkin* v. *Citizens' Insurance Co.*, 9 Mo. Rep. is applicable here. This case is fully as strong, if not stronger, than that. The case of *Roe & Kercheval* v. *Col. Ins. Co.* turned upon the peculiar phraseology of the policy, which expressly contemplated the remote cause, using the phrases "arising from" and "or from any consequences

resulting therefrom." The opinion expressly recognizes the distinction, and rests upon it. The exemption is also referred back to the enumeration of perils by the use of the word " provided." Here there is no such reference. It is the commencement of a clause upon a new subject, viz., *partial damage.*

*Thomas B. Hudson,* for same.

RYLAND, Judge, delivered the opinion of the court.

1. This was an action on a policy of insurance. The plaintiffs recovered below and the defendants brought the case to this court. In looking into the facts preserved on the record, we find this case very similar to the one of *Roe & Kercheval* v. *Columbus Ins. Co.,* heretofore decided by this court. The terms of this policy are of the same significance with that in Roe & Kercheval—being on the same boat, the St. Joseph, and the cause of action arising on the same accident, the bursting of a boiler, and the consequent burning and destruction of the boat. The effort was made by the plaintiffs' counsel to liken this policy more to that in the case of the *Citizens' Insurance Co.* v. *Glasgow, Shaw & Larkin,* 9 Mo. Rep. 418. But we do not agree with him in this construction. We cannot perceive any difference in principle between the case of Roe & Kercheval and the present one. The mere difference in the collocation of a material proviso, when the whole instrument is of the same general significance, will not warrant this court in withdrawing this case from the principles settled in that, especially when we feel no disposition to disturb the ruling of the court in that case. Being satisfied that the present case comes fully under the force of the decision of this court, in the above case of Roe & Kercheval against the Columbus Insurance Company, we refer to the opinion in that as deciding the present case.

The judgment of the court below must be reversed—and Judge Scott concurring herein, the same is reversed.