**PITTMAN et al. v. LAMAR LIFE INS. CO.**

(Circuit Court of Appeals, Fifth Circuit. February 15, 1927.)

No. 4891.

Insurance ⊙⇒530—Assured, struck by propeller after completing flight, held killed while participating in "aeronautic activity," within clause of life policy limiting liability to premiums paid.

Assured, killed when struck by airplane propeller blade as he was leaving ship after completing flight, *held* to have met his death while participating in an "aeronautic activity," within meaning of provision of policy limiting insurer's liability to premiums paid.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by Clara M. Pittman and others against the Lamar Life Insurance Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

M. N. Chrestman, of Dallas, Tex. (Burgess, Burgess, Chrestman & Brundidge, M. N. Chrestman, and L. E. Elliott, all of Dallas, Tex., on the brief), for plaintiffs in error.

W. Calvin Wells, of Jackson, Miss., Dexter Hamilton, of Dallas, Tex., and J. Morgan Stevens, of Jackson, Miss. (Cockrell, McBride, O'Donnell & Hamilton, of Dallas, Tex., and Wells, Stevens & Jones, of Jackson, Miss., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the beneficiary named in an insurance policy, issued September 8, 1925, on the life of William M. Pittman, to recover the amount payable in the event of his death, which occurred on February 28, 1926. The policy contained the following provision:

"If the insured shall die within two years from date of issue of this policy, while participating or as a result of participation in any submarine or aeronautic expedition or activity, either as a passenger or otherwise, the liability of the company under this policy shall be limited to the cash premiums paid hereon and no more."

The insurer's answer set up that the death of the insured resulted directly from his participation in an aeronautic activity, and the amount of the first and only premium paid was duly tendered before and when the suit was brought. The court directed a verdict in favor of the insurer. The testimony as to the circumstances of the death of the insured was to the following effect:

J. W. Bailey and the insured owned in partnership an airplane, which, when not in use, was kept in a hangar at Love Field, near Dallas. After Bailey and the assured had been together in a flight in their ship, Bailey operating it, when the latter brought the ship down and taxied it to a point not far from the hangar, upon discovering that he could not cut the motor off because of a missing pin, he got out and told the insured that he would go and get a dollie to put under the ship and taxi to the hangar. After Bailey left for the purpose stated, the insured got out of the cockpit on the left side and walked towards the left wing of the ship, looking at the ship as he walked slowly, and, very soon after he was seen near the end of that wing, he was struck by the tip on the end of the propeller and killed. The insured's automobile was "somewhat between the ship and said hangar," and the insured, after walking to near the end of the left wing of the ship, would have had to pass in front of the ship to get to his automobile.

Under the above-quoted provision of the policy, the insurer was not subject to the liability asserted, if the death of the insured occurred while he was participating in either an aeronautic expedition or in any aeronautic activity. The language used requires the conclusion that, though the trip or aeronautic expedition in which the insured had been taking part ended prior to his death, the insurer's liability was limited to the cash premium paid, if the insured's death occurred while he was participating in

an aeronautic activity. The term "aeronautic activity" is broad enough to cover what is ordinarily incident to an airplane trip. The aeronautic activities of one who takes such a trip do not begin or end with the actual flight, but include his presence or movements in or near to the machine incidental to beginning or concluding the trip. The quoted provision shows that the insurer did not consent to insure against the hazards incidental to an airplane trip. The insured incurred those hazards, and his death resulted from his remaining exposed to one of them. We are of opinion that his presence at the place where he was killed was so immediately connected with and incidental to the airplane trip he took as to require the conclusion that his death occurred while he was participating in an aeronautic activity. It follows that the above-mentioned ruling was not erroneous.

The judgment is affirmed.