[Civ. No. 4891. Second Appellate District, Division Two.—March 8, 1928.]

EMMA TIERNEY, Respondent, v. OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA, Appellant.

Duke Stone for Appellant.

Dave F. Smith and Walter T. Casey for Respondent.

STEPHENS, J., pro tem.—This is an action by the widow upon a life or accident policy issued to one William L. Tierney, deceased. Judgment of the trial court was for the plaintiff and defendant appeals upon a bill of exceptions.

But one witness was called by the plaintiff and none by defendant, it having been stipulated that the testimony so given covered the facts relating to the circumstances of the accident. The witness testified that he piloted an aeroplane which took the insured as a passenger from Venice, Los

Angeles County, to Marsh Field, Riverside County; that the landing was accomplished, whereupon, and before stepping from the cockpit, deceased answered questions put to him in an ordinary tone of voice, acknowledged an introduction to two officers, and, having removed his goggles but not his leather helmet, stepped out on to the left wing of the plane and on to the ground, then forward, bent over to avoid a drift wire, and as he straightened up was struck by the propeller, which was still in motion but was plainly visible. Insured died early the next day as a direct result of the injury thus received. The witness further testified that the machine had been upon the ground five or six minutes before the accident occurred, that they arrived over the field at an elevation of 5,000 feet, and that altitude does affect the ear-drums.

It was further stipulated that the only issue for the lower court to decide was whether or not Tierney's death was within the terms of the insurance policy, which insured him against bodily injuries resulting directly or independently of all other causes through external, violent and accidental means, when said policy, among other general provisions, provided as follows: "This policy does not cover any injury, fatal or non-fatal, sustained by the insured while participating or in consequence of having participated in aeronautics."

Defendant's specifications of error are: (1) That the evidence is insufficient to sustain the finding that the death of the deceased was not caused while participating in aeronautics; (2) That the evidence is insufficient to sustain the finding that the death of the deceased was not caused in consequence of having participated in aeronautics; (3) That the findings are conflicting; (4) That the findings do not sustain the judgment; (5) That the evidence does not justify the finding that the aeronautical flight and landing was successfully made or completed before the accident.

The most approved definition of the word "aeronautics" is that it is "the art of navigating the air." Ency. Brit., 11th ed., p. 260; *Bew* v. *Travelers' Ins. Co.*, 95 N. J. Law, 533 [14 A. L. R. 983, 112 Atl. 859].) The authorities support the assertion in respondent's brief that "when the machine clears the earth and returns successfully to the earth, and is resting securely upon the ground, the

'aeronautics'—the flight—is completed, and the aeronautics is at an end.'' ▮ It does not seem necessary to further consider appellant's first specification. The evidence does sustain the finding that the death was not caused while the insured was "participating in aeronautics.''

▮ The next question presents apparent rather than real difficulties: Was the death caused "in consequence of insured's having participated in aeronautics''? He *had* so participated, and he met his death. Was the death caused *in consequence* thereof? The death was a sequence of the participation—that is, it followed closely and was connected therewith—but was it in consequence thereof? Did the participation cause the death? The Encyclopaedic Dictionary defines "consequence" as "that which follows as the result or effect of any cause; that which produces an effect." The Standard Dictionary defines "in consequence of" as meaning "as the result of: because of.'' The question now presented, to state it both negatively and affirmatively, is not, Did the accident happen as a part of the aeronautics?; for, as we have seen, the "aeronautics" had been completed. Nor is it, Did the accident happen while the insured was still a passenger?; for the insurance contract says nothing about that relation. The question presented is: Did the accident happen *as the result of* or *because of* that which is now past "having participated in aeronautics''? Did the participation cause the death?

The insured might have met a similar death had he climbed into the cockpit just from curiosity after the plane had landed, in which case he would not have participated in aeronautics at all. Upon the completion of the flying and as deceased was climbing from the plane he might have been shot by the accidental discharge of a revolver in the hands of one of the officers to whom he was introduced. To be sure, the doctrine of chances would put deceased somewhere else. Had he not flown to Riverside County he probably would not have been there to climb into the machine or out of it; but by reason of this improbability can it be argued that because he was there by flight that the flight caused the accident? The question answers itself: The flight was not the proximate cause, but there was the intervening act of the deceased in his poor judgment in so conducting

himself after climbing out of the machine as to be struck by the propeller.

In *McAllister* v. *Tennessee etc. Insurance Co.*, 17 Mo. 306, the insurance policy on a river steamer contained the following exemption or exception: "Nor will the company be liable for any loss or damage arising from the bursting of boilers, collapsing of flues or breaking of boilers, unless from unavoidable external cause, or from *any consequences resulting therefrom.*" (Italics ours.) A boiler burst without an unavoidable external cause, tore away part of the deck, which fell into the furnace, and the boat was destroyed by fire. The policy covered fire damage, but the court declared that the loss was a *consequence* resulting from the bursting boiler and was within the exception, and held that no liability attached to the insurance company for the loss. In the instant case the policy contract covered the accident, as in the cited case the policy covered the fire. It excepted any benefit from the policy for injury which should happen *because of participation* in aeronautics, just as the policy in the cited case referred to *excepted any injury because of a boiler explosion.* The case cited is a clear illustration of an exception which is effective to release an insurance company from liability for an accident which otherwise would have been within the policy; and the reason it was outside the policy is not because the fire occurred *after* the explosion, but because the fire occurred *because of* the explosion.

In *Orient Mutual Insurance Co.* v. *Adams*, 123 U. S. 67 [31 L. Ed. 63, 8 Sup. Ct. Rep. 68, see, also, Rose's U. S. Notes], the insurance policy provided that the insurance company should be free from any liability for loss to a river boat "occasioned by . . . the derangement or breaking of the engine or machinery, or any consequence resulting therefrom, unless the same be caused by unavoidable external violence." The boat was tied up for repairs to a mud valve. To effect this repair it was customary to blow off the steam. While the steam was off the captain ordered the craft loosed, and since there was no power with which to control her, she washed helplessly over a fall and was damaged. We quote: "The next assignment of error is that the court erred in ruling that the loss was not within the express exceptions of the policy. The specification under

this assignment is that the loss was the consequence of the derangement of the mud valve, and therefore within the exception that the company should be free of all claim for loss or damage occasioned by 'the derangement or breaking of the engine or machinery, or any consequence resulting therefrom.' The 'consequence' here referred to is an immediate or proximate, not a remote consequence. Even if the mud valve is a part of the machinery of the vessel, within the meaning of the policy, its derangement cannot be said to have been the proximate cause of the loss." The insurance company was held liable under the policy. This is in principle on all-fours with the instant case.

In *Wilson* v. *Travelers' Insurance Co.*, 183 Cal. 65 [190 Pac. 366], the plaintiff was insured against injury caused by wreckage of a railway passenger car. An exception against recovery upon the policy contained the following clause: " . . . nor shall it cover injury . . . from . . . explosives." Plaintiff entered the passenger car and an explosion in the toilet-room *wrecked* the car, the wreckage injuring him. The company claimed that the circumstances of the accident fell under the exception—that plaintiff was injured from an explosive. It was held that the defendant company was privileged to frame its contracts of insurance in any terms it might choose, and that the established rule of construction of such contracts requires any ambiguity arising from inapt phraseology to be construed against the company. In this instance the wrecking of the car injured the plaintiff. Speaking for the court, Mr. Justice Wilbur said: "If we must look for the cause of the injuries, to the first cause, it would never be the wreckage of the car, which is itself a result and not a cause. . . . Although the explosion was the proximate cause of the injury, it was, by the peculiar terms of the policy, made a remote cause." The peril insured against was not connected in any way with the exception. The policy aptly insured against injury from wreckage, unconditionally. It excepted injuries from explosives, unconditionally. Can it be doubted but that the insurance company would have been held free from liability if the policy had contained the exception "nor shall it cover injury . . . from . . . explosives or injury in consequence thereof"? The cause would have been patent. Nor can it be doubted that the insurance company would have been

held liable if with such an exception in the policy the explosion had not wrecked the car but had delayed the train so that it did not make a switch in time to avoid an oncoming train, and the insured was injured by the wreck which ensued.

*Faris* v. *American National Assurance Co.,* 44 Cal. App. 48 at 55 [185 Pac. 1035], cites with approval the language used in *Williamsburg* v. *Willard,* 164 Fed. 404 [21 L. R. A. (N. S.) 103], as follows: ''Applying the maxim that in construing the terms of an insurance policy, if there be any ambiguity, it must be construed most strongly against the insurers, since the language is their own . . . ''

In the instant case, had the plane landed with a jar which threw the insured against the propeller, the injury would have been in consequence of having participated. But the evidence is not to this effect. Of course, the participation may have made the insured dizzy, or benumbed his perception, or temporarily limited his physical activities to such a degree that he could not appreciate the danger, or seeing it could not avoid it. In any such case a finding could properly be made that the death was ''in consequence of having participated in aeronautics.'' But the testimony given (which was stipulated as correctly stating the facts) moved the trial court to find that the death was not caused in consequence or because of the flight, or, in effect, that none of these or other disabilities brought on by the flight were present. Certain it is that in view of the evidence as it is this court could not disturb this finding.

Both parties discuss learnedly and at great length the niceties of the proximate, dominant, and incidental causes of an effect and cite *Hawthorne* v. *Siegel,* 88 Cal. 159 [22 Am. St. Rep. 291, 25 Pac. 1114], *Aetna Insurance Co.* v. *Boon,* 95 U. S. 130 [24 L. Ed. 395, see, also, Rose's U. S. Notes], *Lehman* v. *Great Western Acc. Assn.,* 155 Iowa, 737 [42 L. R. A. (N. S.) 562, 133 N. W. 752], *Hall* v. *National Fire Insurance Co.,* 115 Tenn. 513 [112 Am. St. Rep. 870, 5 Ann. Cas. 777, 92 S. W. 402], and *United States Fidelity etc. Co.* v. *Blum,* 270 Fed. 946, 957. While these discussions may be pertinent to this case, we think there is no need of analyzing them, as the trial court upon competent evidence has found that the flight although proximately preceding the injury did not cause it.

They also discuss when and under what circumstances a person is a passenger of a public conveyance. The decision in this case does not rest upon the principles of damage recovery. In fact, we see nothing abstruse or difficult about it. At first blush, the flight and the accident being so close together, one is apt to confuse the meaning of *sequence* and *in consequence*. One is apt to broaden the word "aeronautics" to include everything concerning and surrounding an airplane and a flight. But the uncertainty clears completely when "aeronautics" is understood to mean only the flight and "in consequence" to mean the cause of a happening.

Appellant in effect asks us to rule that the exemption in the policy goes to a death or injury from any of the intermediary steps taken by an insured from the time he contacts the immediate vicinity of an aeroplane before flight until he loses such contact after the flight. Herein is confused a public passenger carrier's duty with the exemption in the insurance policy, but the language used does not accomplish what appellant contends it does—although it would have been easy to have written it so had the company desired.

There is nothing conflicting in the findings. The evidence supports them in their entirety and the findings support the judgment.

Judgment affirmed.

Works, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 7, 1928.

All the Justices concurred.