## GRAHAM v. BUSINESS MEN'S ASSUR. CO. OF AMERICA.
### No. 135.

Circuit Court of Appeals, Tenth Circuit.
Sept. 23, 1930.

William F. Collins, of Oklahoma City, Okl., for appellant.

Solon T. Gilmore, of Kansas City, Mo. (John Gilmore, of Kansas City, Mo., on the brief), for appellee.

Before LEWIS, COTTERAL, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

The appellant sued for $6,000 on account of the accidental death of her husband. She recovered but $2,829, and appeals. The case was tried on an agreed statement of facts.

The death of the insured was the direct result of an automobile accident. The policy provided for a specific indemnity of $6,000 for loss of life by accidental means. The agreed statement of facts discloses that, after the policy in suit was issued, the insured procured another policy in another company,

insuring against accidental death in the sum of $7,500 which was paid the plaintiff shortly after the death of the insured. It is agreed that no notice of such additional insurance was given the defendant herein. The defendant therefore invokes section 17 of the "Standard Provisions" of the policy sued upon, which reads:

"If the insured shall carry with another company, corporation, association or society other insurance covering the same loss without giving written notice to the Company, then in that case the Company shall be liable only for such portion of the indemnity promised as the said indemnity bears to the total amount of like indemnity in all policies covering such loss, and for the return of such part of the premium paid as shall exceed the pro rata for the indemnity thus determined."

The defendant company acknowledged liability in the amount of $2,829, which is the correct amount due if such provision is applicable.

■ To meet this defense, the plaintiff makes three contentions, two of which were considered by the trial court in a memorandum opinion, and correctly disposed of. The first contention is that the provision is in conflict with section 43, c. 21, Sess. Laws Okl. 1909, which prohibits insurance companies from issuing any policy "which does not distinctly state the amount of benefits payable, the manner of payment and the consideration therefor." The policy sued on distinctly states the benefits payable; it is true the amount payable may be reduced by taking other insurance without notice, but even the reduced amount is definitely ascertainable by a simple computation. The purpose of the statute is to enable the insured to tell exactly how much insurance he is buying, and to protect him against contracts that promise to pay a sum not presently ascertainable, as, for example, an amount to be determined by assessments thereafter to be made. The statute is not aimed at, nor does it cover, provisions which reduce the benefits in an ascertainable amount in event the age of the insured is misstated, or in event he engages in a more hazardous occupation, or takes additional insurance. The insured, under the policy in question, and with his own knowledge as to the insurance he carries, knows exactly the amount of benefits payable at any time. Southern Travelers' Ass'n v. Boyd (Tex. Com. App.) 12 S. W. (2d) 183. The policy is not in conflict with the quoted statute.

■ The second contention of plaintiff is that the provision applies only to loss of time and not to loss of life. Plaintiff argues that the reason for the provision is to protect the company against malingerers; that men might feign injury to collect large indemnities for loss of time, but do not feign death for that purpose. But, where language used by the parties is clear, courts are not justified in ignoring it, however plausible the reasons advanced. The contract in question repeatedly speaks of "indemnity for loss of life." In fact, the agreement to pay in case of death is referred to as an "Indemnity for Loss of Life Payable to the Beneficiary." Clause 17 provides that, in case of additional insurance, the company "shall be liable only for such portion of the indemnity promised," etc. The trial court was correct in declining to eliminate from clause 17 the indemnity payable for loss of life.

■ But the reply of plaintiff presents another point, urged here but not passed upon by the trial court, which requires a reversal of the case. The application is expressly made a part of the policy. On the margin of the application, in capital letters, appears these statements: "Full Indemnity paid for Automobile Accidents." "Full Weekly Indemnity Paid for Life if Permanently Totally Disabled." The insured was killed in an "Automobile Accident." The "Full Indemnity" is $6,000. The plaintiff recovered but partial indemnity—the "portion of the indemnity promised" described in clause 17. Clause 17 can be reconciled with the promise to pay "Full Indemnity" in case of automobile accidents or in case of permanent total disability, by treating such cases as exceptions to clause 17, or by treating the marginal promise of "Full Indemnity" as a general description of the policy, not applicable where additional insurance is taken without notice; or the two clauses may not be fairly reconcilable. But whether ambiguous or irreconcilable, construction must be resorted to; and, under well-settled principles, such construction must go against the insurer. Mutual Ins. Co. v. Hurni Co., 263 U. S. 167, 174, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Thompson v. Phenix Ins. Co., 136 U. S. 287, 297, 10 S. Ct. 1019, 34 L. Ed. 408; Travelers' Ins. Co. v. McConkey, 127 U. S. 661, 666, 8 S. Ct. 1360, 32 L. Ed. 308; First National Bank v. Insurance Co., 95 U. S. 673, 678, 24 L. Ed. 563. It may be that this phrase on the application was intended as advertising matter; but it takes the form of a promise, and its prominence is an added reason for enforcing it. Marginal clauses or phrases are a part of the contract. Cooley on Insurance (2d Ed.) vol. II, p. 1009. In

Hessler v. Federal Casualty Co., 190 Ind. 68, 129 N. E. 325, 14 A. L. R. 1329, the Supreme Court of Indiana was confronted with a state of facts strangely parallel to the case at bar. The policy in that case limited the company's liability in case of death inflicted by robbers to 20 per cent. of the face of the policy. But in prominent letters, on the back of the policy, occurred the words that the policy covered "all bodily injuries . * * * from gunshot wounds *' * * inflicted by robbers or highwaymen. * * *" The court held that such a capitalized summary prevailed over the fine print provisions of the policy itself, and that the plaintiff's recovery was not limited to 20 per cent. And in Home Life Ins. Co. v. Pierce, 75 Ill. 426, it was intimated that the advertising slogan, "Every policy is non-forfeiting," on the letterhead of the company, was sufficient to prevent the company from insisting on a forfeiture clause in the policy. To the same effect, see opinion of Judge Dillon in Robinson v. St. Louis Mut. Life Ins. Co., 20 Fed. Cas. page 1045, No. 11,964.

When the deceased applied for the policy in suit, he was assured, in capital letters, that "Full Indemnity Paid for Automobile Accidents." That agreement was carried over into the policy when issued. When he was killed in an "Automobile Accident," his beneficiary was entitled to the "Full Indemnity" promised, and not to a partial indemnity as provided in another clause.

Since the case stands upon an agreed statement, there is no occasion for a new trial. Howbert v. Penrose (10 C. C. A.) 38 F.(2d) 577, 581, and cases there cited. Judgment will be entered by the trial court for the plaintiff for $6,000 and interest and costs.

Reversed.