RAY GIBBS, Respondent, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

(Argued April 1, 1931; decided May 12, 1931.)

*Peter C. Mann* for appellant. The aeronautical and submarine exclusion clause in plain language excludes

from the double accident feature insured's death, resulting from the fall of an airplane while he was a passenger therein. (*Pittman* v. *Lamar Life*, 17 Fed. Rep. [2d] 370; *United States* v. *Burr*, 25 Fed. Cas. No. 14692a; *United States* v. *Ybanez*, 53 Fed. Rep. 536; *Leathers* v. *Greenacres*, 53 Me. 561.)

*William A. Hyman* for respondent. A trip from Albany to New York city in an aeroplane of a company engaged in the transportation of passengers for hire and operating a regular route and system of transportation between the two cities is not an " aeronautic expedition " within the meaning of the policy. (*United States* v. *Burr*, 25 Fed. Cas. 187; *Bushey & Sons* v. *American Co.*, 237 N. Y. 24.)

O'BRIEN, J. Harold Gibbs took out a policy in favor of his mother, this plaintiff, whereby defendant insured his life. The policy provides for double indemnity for death by accident, unless it should result from or be caused directly or indirectly by " * * * military or naval service of any kind in time of war or by engaging as a passenger or otherwise in submarine or aeronautic expeditions." While the insured was traveling as a passenger from Albany to New York in an airplane operated by Coastal Airways, Inc., which maintained a regular passenger service, the machine fell and Mr. Gibbs sustained mortal injuries. Plaintiff has recovered the amount of the double indemnity on the theory that, within the meaning of the policy, the trip or journey was not an expedition.

Respondent cites definitions by lexicographers and courts which in terms restrict the word " expedition " to a march or voyage with martial intentions. Such could not have been the meaning as employed in this policy. Earlier in the same clause in which the word occurs,

exceptions have specifically included "military or naval service of any kind in time of war." Therefore, provision had already been made in instances where martial intentions are involved and no purpose to repeat the thought will be presumed. An expedition by submarine or aeronautic vessel may indeed be conducted for purposes of discovery or exploration, but who has ever heard of passengers accompanying such an enterprise? Those who participate in these undertakings, whether their object be the polar regions or the depths of the sea, are, practically without exception, members of the crew or band. Scientists, mechanics, chaplains, navigators, journalists, photographers, painters all belong to the company and are not set aside as passengers. So seldom, if ever, is one accepted for an expedition of discovery and exploration who has no duty to perform in furtherance of its purpose, that the word "expedition" when used in connection with the word "passenger" will not be conceived to have been employed in such an extraordinary and exceptional sense.

In the year 1924, when this policy was written, submarines, airplanes, dirigibles, even balloons had not been developed to the condition in which they exist today. Even now they are in a state of constant experimentation and improvement. Prior to 1924, it is true, transatlantic flights had been accomplished and at least one commercial submarine had crossed the ocean. For all that, a voyage either under the sea or in the air was not customary for the average individual. It was an extraordinary event and was thought to be and was accompanied by unusual hazards. A very small proportion of all people now living have ever been subjected to either experience. We conclude, therefore, that, in excluding from the benefit of a double indemnity death resulting to a passenger in a submarine or aeronautic expedition, the intent of the parties to the insurance contract grew out of and reflected the general belief that

presence on a trip or journey in a vessel or machine of this type in regular transit constituted such a momentous adventure and was accompanied by such unusual danger and extraordinary hazard that neither party expected the policy to cover the risk of casualty.

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN and KELLOGG, JJ., concur; HUBBS, J., dissents.

Judgment accordingly.