DELBERT H. FLANDERS, APPELLANT v. BENEFIT ASSOCIATION OF RAILWAY EMPLOYES, A CORPORATION, RESPONDENT.—42 S. W. (2d) 973.

St. Louis Court of Appeals.   Opinion filed November 3, 1931.

144

*Henry W. Blodgett, Charles Straub, Meyer Hessel* and *George J. Schlueter* for appellant.

*Gillespie & Dempsey* for respondent.

NIPPER, J.—Plaintiff, who is appellant here, brought this suit against the Benefit Association of Railway Employes, to recover on an insurance policy issued by defendant to a son of plaintiff, who sustained injuries through the fall of an airplane in which he was riding, resulting in death.

The questions presented for our determination on appeal do not necessitate any particular reference to the pleadings.

The case was tried to the court without the aid of a jury, and judgment was rendered for defendant. Plaintiff has appealed.

The case was tried upon the following agreed stipulation of facts:

"It is hereby stipulated and agreed that the facts in the above-entitled cause are as follows, and that the cause may be submitted to the court for judgment on said facts, and that this said stipulation and agreed statement of facts may be introduced and read in evidence in said cause.

"Defendant is, and at all times mentioned in the petition was, a corporation duly incorporated under the laws of the State of Illinois and authorized to transact business in the State of Missouri, and as such corporation is, and at all said times was, engaged in the business of writing and issuing policies of insurance in case of death or injuries resulting from accident.

"That on the first day of October, 1927, defendant, for the consideration of a monthly premium of three dollars and ten cents which

was paid and agreed to be thereafter paid by Delbert E. Flanders, made and executed and delivered to said Delbert E. Flanders, its certain policy of accident insurance of said date, numbered 454472, a photostatic copy of which was filed herein with the petition and marked "Exhibit A;" that said photostatic copy is hereby incorporated as a part of this stipulation and agreed statement of facts, and that it was the contract in effect between the assured and the insurer.

"That said policy was in full force and effect on the 16th day of August, 1928, and that on said day said Delbert E. Flanders was, and for some time prior thereto had been, employed by the Terminal Railroad Association of St. Louis as a turntable tender, and was not at any time employed in connection with airplanes or aviation.

"That on said 16th day of August, 1928; said Flanders visited Lambert-St. Louis air field in St. Louis County, Missouri, and while there asked one Alfred Kuchenmeister, a pilot of an airplane, to give him a ride in an airplane; that said Kuchenmeister consented to take him for a ride in an airplane without charge; that said Flanders then boarded said airplane piloted by said Kuchenmeister, and said airplane so piloted by said Kuchenmeister, and with said Flanders aboard, arose and made a flight around the said field, and in attempting to land, said airplane crashed, became wrecked and dismantled, and said Flanders was injured by reason of said fall and crash of said airplane.

"That thereafter, on the 30th day of August, 1928, said Flanders died solely as a result of said injuries sustained through the fall of said airplane.

"That it is provided in and by said policy that defendant would pay to plaintiff the sum of one thousand dollars, plus one hundred dollars for a funeral benefit, if said Delbert E. Flanders should die from external, violent, and accidental means, unless said death resulted from fatal injuries received while said Delbert E. Flanders was engaged in aeronautics; that said policy further provides that said policy does not cover disability or fatal injury received by said Delbert E. Flanders while engaged in aeronautics."

The policy provided, among other things, that it did not cover disability or fatal injury received by the insured "while engaged in aeronautics."

The sole question for our determination on this appeal is whether or not deceased was engaged in aeronautics, within the meaning of this policy, at the time he received his fatal injuries.

All the authorities are not in entire accord on this proposition, yet we are of the opinion that the great weight of authority is to the effect that the deceased was not engaged in aeronautics within the meaning of such a provision in an insurance policy.

In Meredith v. Business Men's Association of America, 252 S. W. 976, the Kansas City Court of Appeals held that where insured was killed while a passenger for hire in an airplane, his death came within the exceptions of a provision in an insurance policy exempting the insurer from liability if insured was killed while "participating in aeronautics." We do not have to deal with the word "participating" in this case. There is some difference between "participating in aeronautics" and "being engaged in aeronautics." If the expression "engaged in aeronautics" is given its ordinary meaning, as it would be understood by the average or ordinary person, it must mean more than occasional participation. In the instant case deceased was at a flying field, and asked a friend to take him for a little ride, perhaps of only a few minutes duration, for pleasure, and without price. Could it be rightfully said, under these circumstances, that deceased was engaged in aeronautics? We think not.

In the case of Masonic Accident Insurance Co. v. Jackson, 164 N. E. 628, the Supreme Court of Indiana held that where insured was killed while riding in an airplane as a passenger, the insurer was liable where the policy exempted the insurer from liability if the insured was injured while engaged in aviation, and that the insured was not "engaged in aviation" within the meaning of the policy.

In Benefit Association of Railway Employes v. Hayden, 299 S. W. 995, the Supreme Court of Arkansas had before it a policy containing the exact words of the policy in the instant case. The court there held that riding as a passenger in an airplane did not constitute an exception or excepted risk under the terms of the policy, but that the phrase "engaged in aeronautics" implied that the risk excepted is for the insured to have taken part in the operation of the airplane as an occupation or otherwise, and that the mere fact alone that the insured was riding as a passenger did not come within the exceptions of the policy.

The word "engaged" means more than a single act or transaction. It involves some continuity of action. "Engaged in aviation" means that one must take part in aviation operations other than merely being in an airplane as a passenger. It means that one must take part in the operation of the airplane in some way other than merely participating in flying. [See also Charette v. Prudential Ins. Co. of America, 232 N. W. 848.]

Defendant refers to the case of Wendorff v. Missouri State Life Insurance Co. (Mo. Sup.), 1 S. W. (2d) 99, but the provision in that policy exempted the insurer from liability if the injuries sustained by the insured were received "while in or on any vehicle or mechanical device for aerial navigation." The provision in the policy

148

just referred to is wholly unlike the one under consideration and lends no support to defendant's contention.

We are of the opinion that the learned trial judge was in error in rendering judgment for the defendant. The judgment is, therefore, reversed, and the cause remanded. *Haid, P. J.,* and *Becker, J.,* concur.