BLONSKI, Appellant, vs. BANKERS LIFE COMPANY, Respondent.

*May 10—October 11, 1932.*

*John P. Retzer* of Milwaukee, for the appellant.

For the respondent there were briefs by *Quarles, Spence & Quarles,* attorneys, and *Lawson Adams* of counsel, all of Milwaukee, and oral argument by *Mr. Adams.*

The following opinion was filed June 20, 1932:

FRITZ, J. The sole question is whether plaintiff is entitled to recover under a policy which provided:

"The disability benefits herein provided shall not be granted if the disability shall result from . . . engaging or participating as a passenger or otherwise in aviation or aeronautics."

Plaintiff was struck by the propeller of an aeroplane while he was spinning the propeller for the purpose of starting the motor. He had just taken the airplane out of a hangar to start the motor for the purpose of taxying across the field to take on gasoline, and then take off for a flight. The airplane was owned by a corporation of which he was president. He had been taking lessons in aviation and had progressed so far that he could take solo flights, and had obtained a student's license, issued by the federal aviation department. While on such solo flights he was clearly engaged and participating in aviation or aeronautics within the meaning of those terms as used in the policy, and if he had been injured while on such flights there would certainly have been no liability under the policy. That would also clearly have been true if his injury on the day in question had occurred while the airplane was clear of the earth. But plaintiff contends that as insurance policies of this type should be construed most strongly against the party who prepared them and for whose benefit the provisions for exemption were inserted (*Kelly v. Fidelity Mut. L. Ins. Co.* 169 Wis. 274, 276, 172 N. W. 152; *Charette v. Prudential Ins. Co.* 202 Wis. 470, 475, 232 N. W. 848), the provision for exemption upon which defendant relied should not be construed to include plaintiff's activity in

spinning the propeller to start the motor, although that act was concededly essential, and immediately connected with the flight which he was then commencing to take.

True, it has been held as to a passenger who had nothing to do with the operation of an airplane that his participation in aeronautics ceased when he alighted from the plane upon its landing safely, and that therefore the exemption provision in a policy did not apply to an injury sustained as he was walking past the propeller. *Tierney v. Occident Life Ins. Co.* 89 Cal. App. 779, 265 Pac. 400. However, as to an insured who actively participated in operating the airplane, the court said in *Pittman v. Lamar Life Ins. Co.* 17 Fed. (2d) 370:

"The term 'aeronautic activity' is broad enough to cover what is ordinarily incident to an airplane trip. The aeronautic activities of one who takes such a trip do not begin or end with the actual flight, but include his presence or movements in or near to the machine incidental to beginning or concluding the trip."

In that case Pittman, the insured, and Bailey, his co-owner of the airplane, had been together on a flight. Bailey had operated and brought the airplane to the earth and taxied it to a point not far from the hangar. Then he could not stop the motor because of a missing pin, and went to get a dollie to put under the plane. The insured got out of the cockpit, walked toward the left wing, and very soon thereafter was struck by the tip of the propeller and killed. The court held that although the plane had landed, the insured's "presence at the place where he was killed was so immediately connected with and incidental to the airplane trip he took as to require the conclusion that his death occurred while he was participating in an aeronautic activity."

So in the case at bar, plaintiff in starting the motor incidental to beginning a trip was engaged in performing an act which was so immediately connected with and incidental

to the trip on which he was about to embark, that he was then engaging in aviation or aeronautics within the meaning and intention of the exemption provision of the policy. Consequently, his disability resulted from a hazard which was expressly exempted from the policy, and he was not entitled to recover any benefits.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on October 11, 1932.