## FIRST NAT. BANK OF CHATTANOOGA v. PHŒNIX MUT. LIFE INS. CO.

### No. 6052.

Circuit Court of Appeals, Sixth Circuit.

Jan. 17, 1933.

W. L. Frierson, of Chattanooga, Tenn. (R. H. Williams and R. P. Frierson, both of Chattanooga, Tenn., on the brief), for appellant.

Vaughn Miller, of Chattanooga, Tenn. (Miller, Miller & Martin, of Chattanooga, Tenn., on the brief), for appellee.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

Suit was brought by the appellant to recover the double liability under three policies of insurance issued by appellee upon the life of Patten, who was killed in an aeroplane accident. Each of the policies provided that the double indemnity benefit should not be payable if the death of the insured resulted "directly or indirectly, wholly or partly * * * from participation in aeronautic * * * operations." The pleadings were framed to present the single issue as to whether the insured's death came within the terms of these policy provisions. The case was submitted to the trial court upon a stipulation of facts, upon which judgment was rendered dismissing the suit.

The stipulation discloses the following facts: The insured was president of an aero-

plane company engaged in operating aeroplanes at Chattanooga, Tenn. He was also the majority stockholder in the company and actively engaged in managing and directing its affairs. The planes of the company were operated to take passengers on business and pleasure trips and to instruct student aviators in the art of flying. The company employed Ringel, a licensed pilot, whose duty it was to fly its planes, and who received as compensation for his services one-third of the gross receipts for carrying passengers and instructing students. It was understood between the insured and Hart, the other stockholder of the company, that either should have the right to use the company's planes for business or pleasure without paying for such use. Hart had never used the planes, but the insured had made frequent trips in them, paying, when he did so, for the gasoline and oil used on the trips and paying the pilot for his services. The insured held a permit to become a student aviator, had spent not less than fifty hours in the air, and had had, two hours of instruction as an aviator. On the day in question his wife was ill and he was on his way to Florida with a physician to see her. Ringel had demurred at making the trip because of the lack of visibility for flying. Patten decided to go, and Ringel, though still objecting, agreed to accompany him and pilot the plane. When about a hundred miles of the trip had been made, Ringel, in attempting to make a landing, wrecked the plane, killing its three occupants.

The appellant relies upon a line of cases dealing with policies excluding liability for fatal injury received while "engaged" in aeronautics or aviation. Benefit Assoc. Ry. Employees v. Hayden, 175 Ark. 565, 299 S. W. 995, 57 A. L. R. 622; Masonic Acc. Ins. Co. v. Jackson, 200 Ind. 472, 164 N. E. 628, 61 A. L. R. 840; Flanders v. Benefit Ass'n of Railway Employees, 226 Mo. App. 143, 42 S.W.(2d) 973. In other cases upon which it relies the policy provision excepted death resulting from "engaging" in aeronautic or aviation "operations." Gits v. New York Life Ins. Co. (C. C. A.) 32 F.(2d) 7; Price

v. Prudential Ins. Co., 98 Fla. 1044, 124 So. 817; Peters v. Prudential Ins. Co., 133 Misc. 780, 233 N. Y. S. 500. The holding of these cases is that the term "engage" or "engaging" implies a vocational activity inapplicable to one who flies occasionally as a passenger. The cases upon which the appellee relies deal with policies excluding liability if death results from "participation" in aviation or aeronautics. Head v. New York Life Ins. Co. (C. C. A.) 43 F.(2d) 517; Travelers' Insurance Co. v. Peake, 82 Fla. 128, 89 So. 418; Meredith v. Business Men's Acc. Ass'n, 213 Mo. App. 688, 252 S. W. 976; Bew v. Travelers' Ins. Co., 95 N. J. Law, 533, 112 A. 859, 14 A. L. R. 983; Tierney v. Occidental Life Ins. Co., 89 Cal. App. 779, 265 P. 400. In these cases it is held that flying as a passenger in an aeroplane is "participation" in aviation or aeronautics.

The distinction between the two classes of cases seems to rest upon the difference in the meaning of the words "engage" and "participate." The latter of these words denotes activities not included in the narrower compass of the former. The only effect of its use in connection with "aeronautic operations" instead of "aeronautics" is to narrow the field of the forbidden activity. Within that field it is to be given its full scope and meaning. Whether it includes one who merely pays his fare and is transported in an aeroplane we need not decide, for the situation of the insured was not distinguishable from that of an individual who employs a licensed pilot to operate an aeroplane which he regularly maintains and uses as a means of transportation. Though the insured was not personally piloting the plane, the venture was his, initiated and undertaken solely for his purposes. He owned the plane, employed a pilot to operate it, determined whether weather conditions would permit of the flight and when it should be made. We agree with the lower court that one who interposes and enforces his judgment in matters so vital as these to the flight of an aeroplane is participating in aeronautic operations.

The judgment is affirmed.