Provident Trust Company of Philadelphia,
Trustee, *v.* Equitable Life Assurance
Society, Appellant.

Argued April 18, 1934.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY and LINN, JJ.

*Robert J. Sterrett,* with him *Alexander & Green,* of New York, for appellant.

*C. Brewster Rhoads,* with him *John F. Headly,* of *Montgomery & McCracken,* for appellee.

OPINION BY MR. JUSTICE LINN, May 21, 1934:

Defendant appeals from judgment for plaintiff on statutory demurrer in a suit on an insurance policy, dated August 10, 1926.* The regular death benefits of $3,000 have been paid; this suit is for an additional $3,000 on the provision for "Double Indemnity in Case of Death from Accident."

The insured, Francis R. Ehle, as the statement avers, "lost his life as a result of bodily injuries caused solely by accidental means on the 5th day of November, 1931, in a crash of an aeroplane maintained and operated by the Ludington Line, a corporation engaged in the transportation, by air, of passengers for hire during a regularly scheduled flight of said aeroplane between Newark, New Jersey, and Camden, New Jersey, and while the said Francis R. Ehle was traveling in said aeroplane as a passenger for hire, in connection with the conduct of his business as President of the International Resistance Company, a corporation engaged in the business of manufacturing and distributing radio filament."

Defendant relies on a portion of the provision for double indemnity, exempting it from double liability, if "death shall ensue within 90 days from the date of such injuries and shall......be the result of or be caused directly or indirectly by self-destruction, sane or insane, disease or illness of any kind, physical or mental infirmity, any violation of law by the Insured, military or naval service of any kind in time of war or by engaging

---

* A stipulation was filed agreeing that "the action of the court in overruling the demurrer shall be treated as final for purposes of appeal, and no affidavit on the facts shall be filed."

as a passenger or otherwise in submarine or aeronautic expeditions."

Was the insured's death within the exception "shall be the result of or be caused directly or indirectly by ......engaging as a passenger or otherwise in...... aeronautic expeditions"?

There is no difficulty in understanding many forms of activity that would be included in the words "engaging ......in submarine or aeronautic expeditions," but traveling as a passenger would not, at first sight, seem to be such an engagement, and, where the question has arisen, it has been decided that an airplane passenger is not considered to be so "engaged": Benefit Assn. Ry. Employees v. Hayden, 175 Ark. 565, 299 S. W. 995 (1927); Peters v. Prudential Ins. Co., 133 Misc. 780, 233 N. Y. Supp. 500 (1929); Masonic Accident Ins. Co. v. Jackson, 200 Ind. 472, 164 N. E. 628 (1929); Gits v. New York Life Ins. Co., 32 Fed. (2d) 7 (1929); Price v. Prudential Ins. Co., 98 Fla. 1044, 124 So. 817 (1929); Flanders v. Benefit Assn., 226 Mo. App. 143, 42 S. W. (2d series) 973 (1931).

Appellant agrees that the phrases "engaged in aviation" and "engaged in aeronautics" and similar expressions have been held not to include one who was a passenger, but the brief suggests that "the words 'as a passenger' were inserted [in the policy] therefore to remove this doubt; but by adding the words 'or otherwise,' the expression became equivalent to 'anybody or everybody.'" It may first be asked, if the purpose was to except passengers, why a clause simply excepting accident while a passenger in an aeroplane was not inserted? The difficulty is not so much with the words "passenger or otherwise" as with the equivocal context "engaging..... in submarine or aeronautic expeditions." The insured, when killed, was no more engaged in an expedition, in the common or normal sense of the word, than if he had been a passenger on a train or bus. A passenger engaged in an aeronautic expedition would seem to be one having

some part in the conduct and operation of the expedition. On the other hand, if "engaging as a passenger" was intended merely to describe persons who would be regarded as passengers within the ordinary meaning of that word, without having any part in the conduct of the aeronautic expedition, the phrase was not well chosen. Certainly, as the word is generally defined, a passenger takes no part in the operation of the vehicle in which he is carried. So far as appears, the parties used the words in their commonly understood sense and so intended them to measure their obligation.

Appellant notes that, in 1926, aviation was extremely hazardous and not generally recognized as a method of transporting passengers, and suggests that the parties for that reason intended to include in the words "aeronautical expeditions" all flights by airplane; that is, that all travel by airplane in the conditions then existing would be excepted, because any flight might, perhaps, be considered an "expedition." In spite of that arbitrary understanding, if conditions change and travel by airplane is no longer subject to the extraordinary hazard which once made a flight an expedition, the exception cannot be held to have been intended to apply. "The contract is still to be interpreted according to its true intent, although altered conditions may have varied the form of fulfilment": Virginia v. West Virginia, 238 U. S. 202, 236; American Car & Foundry Co. v. East Jordan Furnace Co., 275 Fed. 786.

Both parties quote dictionaries in support of the particular meaning each would attribute to controlling words. But, no special circumstances appearing, the parties must be held to have used the words—ordinary words—in their ordinarily accepted meaning: Restatement, Contracts, section 235 (a). As to that meaning there is no doubt. The assured was a passenger, but he was not engaged in an aeronautic expedition. With these views we can, of course, not follow Gibbs v. Equitable Life Assur. Soc., 256 N. Y. 208.

If, however, we accepted the essential part of appellant's argument, we should still be required to affirm the judgment on the ground that equivocal words (they only become so by appellant's argument) must be taken against the insurer: Frick v. United Firemen's Ins. Co., 218 Pa. 409, 67 A. 743; Restatement, Contracts, section 236 (d).

Judgment affirmed.

Mr. Justice MAXEY dissents.