## MAYER v. NEW YORK LIFE INS. CO.
### No. 6502.

Circuit Court of Appeals, Sixth Circuit.
Dec. 7, 1934.

George J. Mayer and J. S. Lawton, both of Louisville, Ky., for appellant.

L. T. Wolford, of Louisville, Ky. (Wm. Marshall Bullitt and Middleton Miller, both of Louisville, Ky., on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

The sole legal question involved in this case is whether the death of a passenger killed by the fall of an airplane upon a regularly scheduled trip "resulted * * * from engaging, as a passenger or otherwise, in * * * aeronautic operations."

The facts are not in dispute. The appellee insured the decedent of the appellants under a policy which carried a provision for double indemnity benefit in case of death by accidental means. The policy provided that "This Double Indemnity Benefit will not apply if the Insured's death resulted * * * from engaging, as a passenger or otherwise, in submarine or aeronautic operations."

The District Court held that the policy sued on excludes from its double indemnity provision accidental death resulting from riding as a passenger in an airplane.

It is the contention of the appellants that the language of the clause confines the exception to deaths resulting from engaging in aeronautic operations, and hence does not embrace a casual fare-paying passenger, and that in the alternative the clause is ambiguous, and the familiar rule must be applied

that the interpretation most favorable to the insured should be adopted.

The adjudications with reference to clauses in accident policies limiting or excluding coverage where death has resulted from an airplane accident have recently been reviewed in Goldsmith v. New York Life Ins. Co., 69 F.(2d) 273 (C. C. A. 8). As pointed out in that case, there are two lines of demarcation between the decisions:

■ (1) The words "participating as a passenger or otherwise in aeronautics or aviation," "participating as a passenger or otherwise in aeronautic activity," or "participating as a passenger or otherwise in aeronautic expeditions," cover a passenger in an airplane. Bew v. Travelers' Ins. Co., 95 N. J. Law, 533, 112 A. 859, 14 A. L. R. 983; Pittman v. Lamar Life Ins. Co., 17 F.(2d) 370 (C. C. A. 5); Gibbs v. Equitable Life Assurance Society of the U. S., 256 N. Y. 208, 176 N. E. 144; Head v. New York Life Ins. Co., 43 F.(2d) 517 (C. C. A. 10); First National Bank of Chattanooga v. Phœnix Mutual Life Ins. Co., 62 F.(2d) 681 (C. C. A. 6).

■ (2) The words "engaged in aviation or aeronautics," "engaged in aeronautic operations," "engaged in aeronautic activity," or "engaged in aeronautic expeditions," do not cover the ordinary passenger in an airplane. Benefit Association of Railway Employees v. Hayden, 175 Ark. 565, 299 S. W. 995, 57 A. L. R. 622; Masonic Accident Ins. Co. v. Jackson, 200 Ind. 472, 164 N. E. 628, 61 A. L. R. 840; Gits v. New York Life Ins. Co., 32 F.(2d) 7 (C. C. A. 7). None of the cases cited excepting that of Goldsmith v New York Life Ins. Co., supra, and Provident Trust Co. of Philadelphia v. Equitable Life Assurance Society of the U. S., 316 Pa. 121, 172 A. 701, contains the exact phrase here involved, namely, resulting "from 'engaging as a passenger or otherwise in submarine or aeronautic operations.'" In the Goldsmith Case a recovery was denied by a divided court. In the Provident Trust Case recovery was permitted.

In First National Bank of Chattanooga v. Phœnix Mutual Life Ins. Co., supra, this specific question was reserved by this court. In that case the policy did not contain the phrase "as a passenger or otherwise." However, the opinion pointed out that the word "participate" denotes activities not included in the narrower compass of the word "engage."

Appellants argue that the word "engaging" is not synonymous with "participating," that it denotes continuity, frequency and regularity, and hence does not cover a casual passenger.

Appellants also argue that the word "operations" necessarily implies activity in the use of the instrumentality, and hence cannot apply to a passive rider upon a vehicle. Substantially these two distinctions were made in the case of Gits v. New York Life Ins. Co., supra.

Finally it is contended that there are passengers who are engaged in aeronautic operations and passengers who are not engaged in aeronautic operations. The executive officer of an airplane company traveling in an airplane is given as an instance of the passenger engaged in aeronautic operations, and appellants urge that only such passengers are excluded under this policy from the double indemnity benefit.

We cannot agree with this conclusion. The phrase to be construed recites that the double indemnity benefit "will not apply if the Insured's death resulted * * * from engaging, as a passenger or otherwise, in submarine or aeronautic operations." The construction urged upon us and the argument given in support of the construction alike ignore the words "resulted * * * from engaging * * *." The death of an executive officer of an airplane company caused by such an accident as herein disclosed, whether he rides on a pass or pays a fare, does not under appellants' distinction result from his "engaging" in an "aeronautic operation." Such a death results just as this insured's death resulted, from the fact that the deceased rode in a plane which crashed to the ground. His active connection with aeronautic operations does not cause the casualty.

Applying their ordinary meaning to these words, it is in fact difficult to conceive of any way in which one could engage "as a passenger" in aeronautic operations except by simply riding in a plane. The words "as a passenger or otherwise" define and modify the words "engaging in * * * aeronautic operations," and are unlimited in scope. "Passenger" covers both fare-paying passengers and passengers traveling on a pass or under a license. The phrase "engaging in * * * aeronautic operations" may signify one actively employed upon the particular trip, from whose employment the death resulted. But the addition of the words "as a passenger or otherwise" makes the phrase all-inclusive. It covers every one, whether an airplane employee, pilot, mechanic, or executive, whether a fare-

paying passenger or one traveling on a pass or under a license, whose death results from his presence on a plane at the time of the accident.

There is no ambiguity in the excepting clause as written, and hence there is no occasion to consider appellant's alternative contention.

The judgment of the District Court is affirmed.