440

Cassels, Potter & Bentley, of Chicago, Ill., for plaintiff.

Scott, MacLeish & Falk, of Chicago, Ill., for defendant.

WOODWARD, District Judge.

This is a suit to collect the "double indemnity benefits" on seven policies of insurance entered into by the defendant with Henry J. Christen as the insured, the single indemnity having been paid. In five of the policies the double indemnity benefits do not apply if the death of the insured resulted from "engaging, as a passenger or otherwise, in aeronautic operations." In the other two policies the double indemnity benefits do not apply if the death of the insured resulted from "participation as a passenger or otherwise in aviation or aeronautics."

Henry J. Christen, the insured, by occupation was a draftsman and designer of commercial store fixtures. At no time did he follow the occupations of manufacturing, piloting, or dealing in airplanes or other vehicles for aerial travel.

On March 31, 1931, Henry J. Christen, in pursuit of his occupation as designer of commercial store fixtures, had occasion to travel from Chicago, Ill., to Los Angeles, Cal., and he desired to make the journey rapidly. He rode a railroad train from Chicago to Kansas City, Mo. At Kansas City he became a passenger for hire in a licensed airplane, intending to travel there-by from Kansas City, Mo., to Los Angeles, Cal. The airplane was owned and operated by an established transportation company. Several other persons also were passengers in the airplane. At no time did Henry J. Christen have any control, direction, or supervision over the operation or management of the airplane. He simply paid his fare, embarked, and sat in the passenger cabin during the flight. After the airplane had been in the air, flying westward more than two hours, it fell to the ground violently near Bazar, Kan., and Henry J. Christen sustained violent and external injuries which caused instantaneous death in the crash. Prior to this flight, and subsequent to the issuance of the seven policies of insurance here involved, Henry J. Christen had made one, and only one, other similar airplane flight.

The identical language used in these policies has been the subject of judicial scrutiny. Two cases have been before the courts construing the expression "engaging as a passenger or otherwise in * * * aeronautic operations." Goldsmith v. New York Life Insurance Company, 69 F.(2d) 273 (C.C.A.8th) and Mayer v. New York Life Insurance Company, 74 F.(2d) 118, 119, 99 A.L.R. 155 (C.C.A.6th). The Goldsmith Case, supra, decided in 1934, reviews practically all of the decisions up to the time of its rendition on clauses in insurance policies similar to the one then under consideration and concludes, one Judge dissenting, that a mere passenger in an airplane was within the exclusion clause of an accident policy under which the double indemnity was not payable if the death of the insured resulted "from engaging, as a passenger or otherwise, in submarine or aeronautic operations." The court say: "The double indemnity clause, in our opinion, excludes from coverage death resulting from engaging in a single trip in an airplane as a passenger." Likewise, the court in the Mayer Case, supra, refer to adjudicated cases on various phrases of insurance policies and conclude that recovery cannot be had where death resulted "from 'engaging as a passenger or otherwise in submarine or aeronautic operations.'" The court say: "Applying their ordinary meaning to these words, it is in fact difficult to conceive of any way in which one could engage 'as a passenger' in aeronautic operations except by simply riding in a plane. The words 'as a passenger or otherwise' define and modify the words 'engaging in

* * * aeronautic operations,' and are unlimited in scope. 'Passenger' covers both fare-paying passengers and passengers traveling on a pass or under a license. The phrase 'engaging in * * * aeronautic operations' may signify one actively employed upon the particular trip, from whose employment the death resulted. But the addition of the words 'as a passenger or otherwise' makes the phrase all-inclusive."

The Circuit Court of Appeals of this circuit (Seventh), in the case of Gits v. New York Life Insurance Company, 32 F.(2d) 7, held that a passenger in an airplane was not "engaging in submarine or aeronautic operations" within the excepting clause of an insurance policy. The court would feel constrained to follow the Gits Case, supra, were it not for the fact that the clause in the policy now under consideration contains the additional qualifying clause "as a passenger or otherwise." The addition of these explanatory or qualifying words renders the Gits Case, supra, as not of controlling authority in the case at bar. As pointed out in the Mayer Case, supra, the addition of the words "as a passenger or otherwise" covers every one, whether an airplane employee, pilot, mechanic, or executive, whether a fare-paying passenger or one traveling on a pass, or under a license, whose death results from his presence on a plane at the time of the accident.

The case of Head v. New York Life Insurance Company, 43 F.(2d) 517, 518 (C.C. A.10th), held that a passenger riding in an airplane was participating in aeronautics. In that case, as in two of the policies under consideration in this case, it was provided that the double indemnity benefits do not apply if the death of the insured resulted from "participation as a passenger or otherwise in aviation or aeronautics." The court say: "We think there can be no doubt that a person who rides in an airplane, along with the pilot who operates and navigates the airplane, has a part or share with such pilot in flying in the air and is participating in aeronautics."

The above cases are all the cases the court has been able to find, or which have been cited by counsel, which construe insurance policies having identical language with those involved in this case. Various other phrases have been before the courts for consideration, but in view of the decisions on policies identical in language with the policies involved in this case, it becomes unnecessary to review such decisions.

Following the adjudicated cases on policies containing identical language with the policies under review, the court will find the issues for the defendant.