## NATIONAL EXCHANGE BANK & TRUST CO. OF STEUBENVILLE v. NEW YORK LIFE INS. CO.

### No. 8672.

District Court, W. D. Pennsylvania.

July 1, 1937.

Clyde A. Armstrong and Thorp, Bostwick, Reed & Armstrong, all of Pittsburgh, Pa., for plaintiff.

William H. Eckert and Smith, Buchanan, Scott & Ingersoll, all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action to recover double indemnity on five policies of life insurance aggregating $17,500. At the trial, plaintiff and defendant each made a request for binding instructions. The request of the plaintiff was refused; the request of the defendant was granted. The case is now before us on plaintiff's motion for a new trial. Where both parties request a directed verdict, the court must decide the issue or issues of fact and the issue or issues of law. Beuttell v. Magone, 157 U.S. 154, 157, 158, 15 S.Ct. 566, 39 L.Ed. 654.

Stanley W. Bayersdorfer took out five policies of life insurance of the defendant company. The policy issued by it in 1925 contained the following provision relative to double indemnity: "The provision for double indemnity benefit * * * will not apply if the insured's death resulted * * * from engaging as a passenger or otherwise, in * * * aeronautic operations." The four other policies had double indemnity provisions which were contained in the original policies or which were added thereto by riders issued in 1929 and 1931. These four policies contained the following provision relative to double indemnity: "This double indemnity shall not be payable if the insured's death resulted * * * from participation as a passenger or otherwise in aviation or aeronautics."

The insured was killed April 7, 1936, by the crash of a plane in which he was a fare-paying passenger, which plane belonged to the Transcontinental & Western Air, Inc., and at the time of the accident was engaged on a regularly scheduled flight between Newark, N. J., and Pittsburgh, Pa. Defendant paid to plaintiff the amount of insurance covered by the aforesaid policies, which payment did not include double indemnity. The plaintiff, the beneficiary, who is trustee for the widow and children of the insured, brought this action.

At the oral argument, plaintiff did not press its claim for a new trial as to the four policies in which the double indemnity provision contained the exemption where the insured's death resulted "from participation as a passenger or otherwise in aviation or aeronautics." Plaintiff admitted.

that the authorities precluded a recovery as to these policies; consequently, we will limit our discussion to the one policy issued in the year 1925, which provided that the double indemnity provision will not apply if the insured's death resulted "from engaging as a passenger or otherwise, in * * * aeronautic operations."

The question involved is as stated in the brief of plaintiff's counsel: "Did the said Stanley W. Bayersdorfer's accidental death result from engaging as a passenger or otherwise, in submarine or aeronautic operations?"

The interpretation of a life insurance policy is a question of general commercial law. Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865; Equitable Life Assurance Society v. Nikolopulos, 86 F.(2d) 12, 14 (C.C.A.3).

Where provisions in a policy are ambiguous, they should be construed most favorably to the insured. Stipcich v. Metropolitan Life Insurance Company, 277 U.S. 311, 48 S.Ct. 512, 72 L.Ed. 895; United States Fidelity & Guaranty Company v. Guenther, 281 U.S. 34, 50 S.Ct. 165, 74 L.Ed. 683, 72 A.L.R. 1064. Where an insurance contract is not ambiguous, it must be construed in accordance with its plain terms. Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416.

The precise question now under consideration has been determined by three courts in favor of the defendant: Goldsmith v. New York Life Ins. Co., 69 F.(2d) 273, 275 (C.C.A.8); Mayer v. New York Life Ins. Co., 74 F.(2d) 118, 99 A.L.R. 155 (C.C.A.6); and by the United States District Court for the Northern District of Illinois in an opinion by Woodward, D. J., handed down June 3, 1937, in the case of Christen v. New York Life Ins. Co., 19 F.Supp. 440.

In the case of Goldsmith v. New York Life Ins. Co., supra, the court, speaking by Sanborn, J., said:

"From the foregoing cases, at least two fairly definite conclusions can be drawn:

"(1) The words, 'participating as a passenger or otherwise in aeronautics or aviation,' 'participating as a passenger or otherwise in aeronautic activity,' or 'participating as a passenger or otherwise in aeronautic expeditions,' cover a passenger in an airplane.

"(2) The words, 'engaged in aviation or aeronautics,' 'engaged in aeronautic operations,' 'engaged in aeronautic activity,' or 'engaged in aeronautic expeditions,' do not cover the ordinary passenger in an airplane.

"While both the word 'participate' and the word 'engage' mean, among other things, to take part in, it is held that 'engage' is ordinarily understood to refer to an occupation or employment or continued activity, so that, in reading a policy which denied coverage to one engaged in aeronautics, it might properly be construed as not excluding a mere casual passenger in an airplane, but as referring to one who made aeronautics his vocation or took some active part in the operation of the plane. It cannot be denied, however, that one may temporarily engage in taking a short trip or in writing a letter or in casual conversation, so that the meaning or scope of the word 'engaged' may be made entirely clear by its association with other words."

The opinion concludes as follows: "The word 'operation' is defined as 'action or activity.' The operation of a plane is an aeronautic activity, and one who goes in it as a passenger is participating or engaging to some extent in that activity. Pittman et al. v. Lamar Life Ins. Co., supra [(C.C.A.) 17 F.(2d) 370]. While without the words, 'as a passenger or otherwise,' there would be room for doubt as to the meaning and scope of the expression, 'engaging in aeronautic operations,' the addition of those words does away with any ambiguity and shows that the phrase, 'engaging as a passenger or otherwise in aeronautic operations,' is intended to cover one who is temporarily occupied in being a passenger in a plane as well as one who takes an active part in the operation or makes aeronautics his business. We think no one can properly misunderstand what is meant. The double indemnity clause, in our opinion, excludes from coverage death resulting from engaging in a single trip in an airplane as a passenger. It will be noted that in Gits v. New York Life Ins. Co. (C.C.A.7) [32 F.(2d) 7], supra, where the language was 'engaging in submarine or aeronautic operations,' the court pointed out that 'the ambiguity and doubt are emphasized by the facility with which the insurer could have included passengers within the exception, were it so intended.' In the case before us, the insurer did include passengers within the exception. That the intent of the parties might have been better expressed is of no importance. It is ambiguity, and not awkwardness of lan-

guage, which opens the door for construction. If the meaning of language is clear, there is no room for construction." See, also, Gibbs v. Equitable Life Assurance Society, 256 N.Y. 208, 176 N.E. 144.

Our attention has not been called to any case holding contrary to the decisions aforementioned, which pass directly on the same double indemnity provision as is contained in the contract now before us. There have been decisions to the contrary where the language exempted the insured while engaging as a passenger or otherwise in submarine or aeronautic expeditions. See Provident Trust Co. v. Equitable Life Assurance Society, 316 Pa. 121, 172 A. 701; Day v. Equitable Life Assurance Society, 83 F.(2d) 147 (C.C.A.10).

If the insured, as virtually admitted by plaintiff, participated as a passenger in aviation or aeronautics, so as to preclude a recovery on four of the insurance policies involved, it would seem by application of the same reasoning employed by the authorities cited in support thereof, that a finding should be made under the 1925 policy, that the insured took part in and was engaged as a passenger in aeronautical operations at the time of the unfortunate accident. I am of the opinion, therefore, that based both on reason and authority, plaintiff is not entitled to the double indemnity provision of the 1925 contract, and, therefore, that the motion for a new trial should be refused.

The motion for a new trial is refused.