## MUTUAL BEN. HEALTH & ACCIDENT ASS'N v. MOYER.

No. 8583.

Circuit Court of Appeals, Ninth Circuit.

Feb. 11, 1938.

Donahue, Hynes & Hamlin and A. R. Rowell, all of Oakland, Cal., for appellant.

George B. Grigsby, of Juneau, Alaska, and E. Coke Hill, of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Plaintiff brought action at law in the District Court for Alaska upon a policy of accident insurance issued by the defendant company. The policy, issued in April, 1934, insured plaintiff against accidental injury, but provided that:

"This policy does not cover death, disability, or other loss * * * received because of or while participating in aeronautics. * * *"

In October of the same year, the plaintiff, while a passenger traveling upon a regular commercial transport plane of the Alaska Southern Airways, from Juneau to Chichagoff, was injured in a crash. Upon his giving notice of the accident to the defendant, the latter advised him that his disability was not covered by the policy.

In this action the court (the jury having been discharged) made findings of fact and conclusions of law to the effect that the policy was in effect at the date of the accident and that it covered the accident. Plaintiff was awarded judgment in the sum of $1,452.50, and was allowed attorney's fees of $350.

■ The first question raised by defendant upon this appeal is whether the injuries in question were exempted from coverage by the quoted provision of the policy. In other words, is a passenger in a commercial plane "participating in aeronautics"? Of the many cases cited by the parties on this question, few involve comparable phraseology or a similar situation to the case at bar. Squarely in point for the defendant is Bew v. Travelers' Ins. Co., 95 N.J.L. 533, 112 A. 859, 860, 14 A.L.R. 983, where the Court of Errors and Appeals of New Jersey held that an insured injured while a passenger on a commercial plane was not within a policy which exempted injuries "while participating in or in consequence of having participated in aeronautics."

The Circuit Court of Appeals for the Eighth Circuit reached the opposite conclusion in Gregory v. Mutual Life Ins. Co., 78 F.2d 522, 523, certiorari denied 296 U.S. 635, 56 S.Ct. 157, 80 L.Ed. 451. The court held that a passenger was not participating within the meaning of the term "participation in aeronautics." It was pointed out that the word "aeronautics" ordinarily implies something more than the mere making use of flying facilities; that it connotes the science or art of aerial navigation in which science or art a passenger does not participate any more than a pullman passenger participates in railroading.

Enough has been said to indicate that the term "participating in aeronautics" is an artificial phrase of ambiguous content. Those participating in navigating a plane are very few in comparison with the numbers of passengers carried. Since these latter would certainly be solicited for insurance, it is significant that "passengers" were not explicitly excluded in the aeronautic clause of the policy. Kaufman v. New York Life Ins. Co., 9 Cir., 78 F.2d 398, 402.

■ As a second ground of reversal, the defendant urges, for the first time on appeal, that the complaint in this case fails to state a cause of action. The complaint is defective in that it fails to plead generally or specifically the performance of conditions precedent to recovery on the insurance contract. However, a defective complaint may be cured by judgment where evidence, introduced without objection, supplies proof of what the complaint failed to allege. Nashua Savings Bank v. Anglo-American Land, Mortgage & Agency Co., 189 U.S. 221, 231, 23 S.Ct. 517, 47 L.Ed. 782.

■ The defendant asserts that the proof in this case does not show performance of the conditions. The requirements outlined in the policy which the insured must meet in order to recover compensation for injury are (1) payment of premiums; (2) notice of injury to the company within 20 days of the accident unless circumstances prevented notice within that time; and (3) proofs of loss on forms furnished by the company.

Defendant admits payment of premiums by stipulating that the policy was in force at the date of the accident. The testimony shows that plaintiff gave notice of the accident to the company, but his proof does not show that it was given within 20 days, or when it was first given. Nor does plaintiff's evidence show whether circumstances excused failure to give the notice within 20 days. Plaintiff was in the hospital for several months. The defendant's evidence, however, supplies this defect. Defendant's witness Elstad, agent of the com-

pany, stated, "He gave us the necessary notice of injury required by the policy."

After appellant had received notice of the accident, it notified plaintiff that the claim did not come within the terms of the policy. Consequently plaintiff sent no formal proofs of loss. By denying any liability the company repudiated the contract, thus making futile and unnecessary any further action by the insured. Hence failure to plead or prove sending of proofs of loss is not fatal to plaintiff's cause of action.

The appellant assigns error to the action of the court in awarding attorney's fees to plaintiff in the sum of $350. This award was based upon section 4065, Compiled Laws of Alaska, which formerly read, in part:

"A party entitled to costs shall also be allowed * * * a reasonable attorney's fee to be fixed by the court."

On March 11, 1937, two days before judgment was entered in this case, this section was amended, Laws 1937, p. 128, and the provision as to attorney's fees omitted. Hence at the date of judgment there was no statutory authority for the inclusion of such fees in costs allowed to a prevailing party.

The assignment is well taken. The right to costs is purely statutory. No such right existed at common law. Day v. Woodworth, 13 How. 363, 372, 14 L.Ed. 181. No party is entitled to costs until he prevails in the suit, in other words, until judgment is entered. Whatever the statute provides at that time is the measure of his allowable costs. As was said in Begbie v. Begbie, 128 Cal. 154, 155, 60 P. 667, 49 L.R.A. 141:

"The right to recover costs exists solely by virtue of statutory provision * * * and their recovery is governed by the statute in force at the time the right to have them taxed accrued."

To the same effect is Lyell v. Miller, C.C.D.Mich., 15 Fed.Cas. 1137, No. 8,620. We are aware of no other federal court precedent on the precise question raised in this instance. Appellee concedes the decided weight of state authority to be as stated in the Begbie and Lyell Cases. The holding in those cases logically follows from the Supreme Court decision in Day v. Woodworth, supra, and we agree that it is correct.

The judgment is reversed in so far as it awards attorney's fees to the appellee. Otherwise it is affirmed.