SWASEY v. MASSACHUSETTS PROTEC-
TIVE ASS'N, Inc.

No. 8617.

Circuit Court of Appeals, Ninth Circuit.

April 26, 1938.

Townsend & Jenckes, of Phoenix, Ariz., and Conroy & Conroy, of Los Angeles, Cal., for appellant.

Rodey & Dickason, of Albuquerque, N. M., and Clark & Clark, of Phoenix, Ariz., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment after trial by the court on an agreed statement of facts.

Appellant Swasey's husband was insured for accidental death by appellee, Massachusetts Protective Association, in 1935, under a policy with the premiums paid and in force at the time of the wreck of an aeroplane in which the husband was killed.

Liability was denied on the sole ground that the cause of death was excluded from the policy by the following clause:

"This policy does not cover death or other loss sustained as the result of participation in aviation, aeronautics or subaquatics."

The first question raised is, Is a passenger on a plane to be deemed a participant in aviation or aeronautics?

This clause is an exception to the general coverage against accident. Like all other provisions of a policy drawn by the company, if it have an ambiguity of construction, it must be resolved against the company. Mutual Life Ins. Co. v. Hurni Pack-

ing Co., 263 U.S. 167, 174, 44 S.Ct. 90, 68 L. Ed. 235, 31 A.L.R. 102; Kaufman v. New York Life Ins. Co., 9 Cir., 78 F.2d 398, 403.

■ So far as concerns the phrase "participation in aeronautics," we have determined the contention here against the insured in the case of Mutual Benefit Health & Accident Ass'n v. Moyer, 9 Cir., 94 F.2d 906.

The exception also is of one participating in "aviation." Obviously, in a broad sense, passengers may be considered as having such a participation in the journey. However, in the 1913 Edition of Standard Dictionary of the English Language, the exact contrary definition of aviation is given. It is, "The *art* of flying: especially the management of aeroplanes." (Italics supplied.)

The Encyclopedia Brittanica earlier defined it as: "It [aerostatics] is divided into two main branches: aerostation dealing, properly, with machines, which like balloons, are lighter than air, and aviation dealing with the problem of artificial flight by means of flying machines, which like birds, are heavier than air."

In the 1934 Edition of Webster's New International Dictionary, aviation is defined: "(1) the art or practice of operating heavier-than-air aircraft. (2) An organization, or group of persons, devoted to or engaged in aviation (sense 1)."

Since as early as 1913, we find the fixed concept that aviation had to do with the art and the management of aeroplanes and the problems of flight, and in Webster's Dictionary, in 1934, the same concept, we are entitled to interpret the policy's clause as confined to these active participations in the art and management of the planes and the solution of their problems.

The passenger is not concerned with the "art of flying" or the "management of aeroplanes" or the "problem of artificial flight."

In holding that the deceased's death by the accident is not within the exception, we must again comment, as we have repeatedly,[1] on the practice of using such ambiguous phraseology. Here a tyro at drafting legal documents would know that the exception would clearly convey to the ordinary man that accidents to passengers in an aeroplane as well as its operators were not covered by the policy by excepting, "death or accident to anyone carried in an aeroplane or caused by falling or being thrown therefrom or being struck thereby." The cases show many policies drawn with such frankness to the insured.

■ The next question is, Did the deceased participate in aviation because of acts on his part concerned with the management of the plane?

From the agreed statement of facts it appears that Swasey, in company with three others, Marks, Powles, and Odneal, on the night of the accident, flew from Phoenix, to Douglas, Ariz. The plane was Odneal's, who had a federal license for commercial passenger carriage, save at night. None of the others knew anything about flying.

On the way home from Douglas to Phoenix, the plane crashed and all four were killed. Odneal was flying at night, without landing lights or flares, which was a violation of Department of Commerce rules. He took a short cut in preference to regular transport route.

The stipulated facts contain the following agreement concerning the agreement of the deceased and his companions for the hiring of Odneal's services and plane for the trip:

"It was agreed with Odneal that he would transport them in the said Cessna Monoplane above mentioned, from Phoenix, Arizona, to Douglas, Arizona, and return, in consideration of the payment by them to him of a sum sufficient to pay for the gas and oil which would be consumed on said trip."

We hold that this constitutes a contract for carrying the deceased as a passenger for hire and was none the less so because Odneal violated his license and flew with the deceased at night.

■ There is no evidence that any of Odneal's three passengers had anything to do with the operation of the plane or the choice of route. There is evidence that they all consented to making the return flight to Phoenix. Other parties suggested that the weather was not good, but Odneal told them the radio operator at the Douglas Airport had given him a favorable report on flying conditions between Douglas and Phoenix.

We hold that such action on the part of a plane's passengers does not constitute participation in aviation or aeronautics.

---

[1] Kaufman v. New York Life Ins. Co., 9 Cir., 78 F.2d 398; Mutual Benefit Health & Accident Ass'n v. Moyer, 9 Cir., 94 F.2d 906.

■ The aviator, the deceased, and the two companions, were members of the Phoenix Chamber of Commerce and went to Douglas to engage in some common activity with the Douglas Chamber. This activity had nothing to do with the management of the plane.

We hold that it did not constitute participation in aviation within the meaning of the exception in the policy.

The decision and judgment below should have been for the appellant Swasey.

Reversed.