## MARKS v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. 8670.

Circuit Court of Appeals, Ninth Circuit.

April 26, 1938.

Barnett E. Marks, of Phoenix, Ariz., and Aaron Levinson and Albert E. Marks, both of Los Angeles, Cal., for appellant.

Fennemore, Craig, Allen & Bledsoe, of Phoenix, Ariz. (Frederick L. Allen, of New York City, of counsel), for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Appellant is the beneficiary under a policy on her husband's life, also insuring in double the life principal against his accidental death. This coverage had an exception of death "from participation in aeronautics."

The company admits that under the decisions in Mutual Benefit Health & Accident Ass'n v. Moyer, 9 Cir., 94 F.2d 906, and Gregory v. Mutual Life Ins. Co. of New York, 8 Cir., 78 F.2d 522, the exception does not exclude a passenger on an aeroplane. It argues, however, that in October, 1928, when the policy was issued, the term "participation in aeronautics" had a commonly accepted meaning—including mere travelers in planes—because of certain decisions in two state Supreme Courts and two intermediate appellate courts. It admits that the trend of decisions since these earlier cases is to the contrary, not only in the federal courts, such as in the Moyer and Gregory Cases, supra, but in the state courts. It claims this trend is due to a review in the light of the development of air travel.

However, in 1927, the year before the policy in question was issued, the statistics of the "Air Craft Year Book," published by the Aeronautical Chamber of Commerce of America, shows that 710 aeroplanes carried 463,367 passengers in 8,047,517 miles of travel. The time for reconsideration of earlier views had already arrived when the policy was issued. We hold that this policy covered death to a passenger in an aeroplane, who in no way participated in its management.

The decedent was one of the passengers killed in the same accident which caused the death of the beneficiary's husband in the case of Swasey v. Massachusetts Protective Association, 9 Cir., 96 F.2d 265, this day decided. The stipulated facts show nothing more of the claimed participation in the management of the plane than in that case. We hold that the deceased was a passenger on the plane and nothing more, and that appellant should have recovered the double indemnity.

Reversed.