## IVY v. NEW YORK LIFE INS. CO.

### No. 5028.

District Court, N. D. Ala. S. D.

July 16, 1940.

Lange, Simpson, Brantley & Robinson, of Birmingham, Ala., for plaintiff.

Stokely, Scrivner, Dominick & Smith, of Birmingham, Ala., for defendant.

MURPHREE, District Judge.

This case has been submitted upon a stipulation of facts executed by the attorneys for both parties hereto. The stipulation is sufficient in detail to allow the final determination of this case; and the court, therefore, adopts the stipulation of the parties as its findings of fact in this case.

In brief, the facts are these: Mr. Paul A. Ivy died on August 14, 1935, his death resulting directly and instantaneously from injuries received by him when an airplane on a regularly scheduled commercial transport flight accidentally fell and was wrecked while he was a pay passenger therein, and not in the employ or service of the owner or operator of the said airplane. At the time of Mr. Ivy's death, his life was insured by the defendant in a policy of which plaintiff was the beneficiary, paying a face amount of $10,000 and containing a double indemnity provision for death from external, violent and accidental cause. Defendant has fulfilled its obligation to pay the face amount. The policy contains the following clause with respect to the double indemnity provision: "This Double Indemnity Benefit will not apply if the insured's death resulted from * * * engaging, as a passenger or otherwise, in * * * aeronautic operations * * *."

The defendant contends that this clause of the policy excludes the plaintiff from recovery of the double indemnity benefit, in view of the manner of the death of the insured, and the defendant has refused to pay the double indemnity benefit to plaintiff

842

solely for this reason. This action, therefore, is concerned solely with the question whether a death which, satisfying all of the other policy requirements, results from an accident to an insured person while he is an ordinary pay passenger on a regular airline run can be said to result from "engaging, as a passenger or otherwise, in  *  *  * aeronautic operations."

■ Clearly, if this provision were ambiguous in its application to the facts of the present case, it would be construed most strongly against the insurer, and in favor of the insured. Illinois Automobile Insurance Exchange v. Southern Motor Sales Co., 1922, 207 Ala. 265, 92 So. 429, 24 A.L.R. 734. Manhattan Life Ins. Co. v. Parker, 1920, 204 Ala. 313, 85 So. 298. National Life & Accident Ins. Co. v. Lokey, 1910, 166 Ala. 174, 52 So. 45.

Conversely, when the terms of the policy are plain and unambiguous it is imperative on the court to enforce the contract as written. New York Life Insurance Co. v. Torrance, 1932, 224 Ala. 614, 141 So. 547; Loveman, Joseph & Loeb v. New Amsterdam Casualty Co., 1937, 233 Ala. 518, 173 So. 7; The Praetorians v. Hicks, 1937, 234 Ala. 451, 175 So. 258; Home Loan & Finance Co. v. Fireman's Fund Ins. Co., 1930, 221 Ala. 529, 129 So. 470.

■ In the present case we see no ambiguity in the clause in question as applied to the present case. We are supported in this view by several cases construing the precise language before us. In each of these cases it was held that the clause we have quoted is applicable to a person injured in the manner in which the insured was injured in the present case. Goldsmith v. New York Life Ins. Co., 8 Cir., 1934, 69 F.2d 273; Mayer v. New York Life Ins. Co., 6 Cir., 1934, 74 F.2d 118, 99 A.L.R. 155; National Exchange Bank & Trust Co. v. New York Life Ins. Co., D.C.Pa., 1937, 19 F.Supp. 790; Christen v. New York Life Ins. Co., D.C.Ill., 1937, 19 F.Supp. 440.

There are, of course, many other cases construing clauses excepting the payment of insurance benefits when the insured takes part in aeronautic activity, which clauses vary in language, and consequently vary in the constructions they receive from the courts. These cases are collected in the annotations, entitled: "Airplanes and Aeronautics—Insurance questions", at 99 A.L.R. 199, 83 A.L.R. 384, and 69 A.L.R. 331; and in 14 Words and Phrases, Perm. Ed., 594–597, title, Engage—Aviation.

It is urged that the dissenting opinion in Goldsmith v. New York Life Ins. Co., supra, bears more logic than the majority opinion, particularly by the suggestion therein that the word "engaging" conveys the idea of active participation. This suggestion would be impressive were the word "engaging" not followed by the phrase "as a passenger or otherwise", because a passenger does not actively participate in the operations, but is necessarily within the operation of the clause. To say that the latter phrase is applicable only to passengers concerned in the administration of the airline is an unwarranted and strained limitation of its scope. Mayer v. New York Life Ins. Co., supra.

The plaintiff suggests that the word "operations" is plural, and therefore cannot apply to defeat her right to double indemnity benefits here because the insured's death occurred after only a single aeronautic flight. However, we are satisfied that the plurality of acts composing one aeronautic flight constitute "operations" as meant by the policy.

We believe that both the settled legal decisions and the common usage of words require us to decide that the death of the insured in the present case resulted from "engaging, as a passenger  *  *  *, in  *  *  * aeronautic operations," when he was killed directly by an accident on a regularly scheduled airline flight.

Judgment will be rendered for the defendant in an order in conformity with this opinion.