## PICHOTTA v. CITY OF SKAGWAY, ALASKA et al.

### No. 5767–A.

United States District Court, Alaska First Division, Juneau.

Sept. 27, 1948.

Faulkner, Banfield & Boochever, of Juneau, Alaska, for plaintiff.

Howard D. Stabler, of Juneau, Alaska, for defendants.

FOLTA, District Judge.

The present controversy concerns the allowance of costs, including $1,500 for attorney fees. The defendant contends that the Court is not empowered to allow attorney fees in equitable actions and that in any event its discretion should be exercised to deny costs under the facts disclosed at the hearing on the merits and as found by the Court in support of its decision.

Sec. 4061, C.L.A.1933, provides that: "The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there may be allowed to the prevailing party in the judgment certain sums by way of indemnity for his attorney fees in main-

taining the action or defense thereto, which allowances are termed costs."

Secs. 4062 and 4063 enumerate the cases in which costs shall be allowed as of course to the plaintiff and defendants. Sec. 4065, as originally enacted, Sec. 1345, C.L.A. 1913, specified the items for which disbursements would be allowed the party entitled to costs. This section was amended by Chap. 38, S.L.A.1923, by the addition of a sentence which, omitting the clauses not relevant here, reads: "The prevailing party may tax as costs * * * in the district court only, a reasonable attorneys' fee to be fixed by the court."

By Chap. 58, S.L.A. 1937, the act was amended and the words "in the district court only, a reasonable attorneys' fee to be fixed by the court" were omitted. However, this provision was restored by Chap. 84, S.L.A. 1947, by the addition of the following words " 'and a reasonable attorneys' fee to be fixed by the court,' " so that it now reads: "The prevailing party may tax as costs the sum of * * * a reasonable attorneys' fee to be fixed by the court."

■ These legislative changes amply demonstrate, even in the absence of reported judicial precedent, that the term "costs", as used in Secs. 4061–4065, had been construed to exclude attorney fees. But if further support were needed for this proposition, it may be found in Mutual Benefit, Health & Accident Association v. Moyer, 9 Cir., 94 F.2d 906, 908; Id., 9 Alaska 235, 240; where, in an action at law upon an insurance policy, it was held that the amendment of 1937, supra, from which the provision for attorney fees had been omitted, left the Court without power to allow attorney fees because such power is purely statutory.

■ The precise question before the Court, however, is whether authority exists for the allowance of attorney fees in equitable actions by virtue of the provisions discussed and those of Sec. 4067, providing that: "In an action of equitable nature costs and disbursements shall be allowed to a party in whose favor a judgment is given in like manner and amount as in other actions, without reference to the amount recovered or the value of the subject of

the action, unless the court otherwise directs."

It has been noted that the first and latest amendments to Sec. 4065 authorized the prevailing party to tax attorney fees as costs in each case. The title appropriately referred to Sec. 4065, but no reference was made to Sec. 4067, and it is clear from what has already been said that until the inclusion by way of amendment of the express statutory provision in Sec. 4065 for the allowance of attorney fees as costs, there was no general authority to allow attorney fees in actions in equity or law. But in the view I take it was not necessary to refer to Sec. 4067 in either of the amendatory acts of 1923 or 1937. The only impact upon Sec. 4067 of the amendments of 1937 and 1947 was that arising from enlarging the scope of the term "costs" to include attorney fees. To give effect to the new meaning of the word "costs" occurring in other sections or statutes in pari materia, it was manifestly not prerequisite that there should be no express reference to such sections or statutes in the amendatory acts themselves. This is a necessary corollary of the rule of statutory construction that upon the amendment of a statute it should be read as though it had been originally enacted in that form. Sec. 1935, Sutherland's Statutory Construction. The only effect, therefore, of the amendments referred to on Sec. 4067 was to require that recognition be given to the enlargement of the definition of the term "costs". So construed, it is my opinion that the Court is empowered to allow attorney fees in equitable actions not otherwise specifically provided for by law. Pond v. Goldstein, 9 Cir., 41 F.2d 76; Id., 5 Alaska Fed. 544.

■ The remaining question is whether the Court should allow costs. The Court has already found that the rates when put into effect were fair and such as would provide a reasonable return on the invested capital and, from what was said in the course of the Court's opinion on the merits, it appears that the action was prematurely brought and the restraining order improvidently issued, by reason whereof the parties and the Court were deprived of the benefit of actual experience under the new rates and the plaintiff continued to receive

the benefit of rates which were higher than the Court found were necessary to yield a fair and reasonable return on the capital invested. These facts appeal to the conscience of the Court as being sufficient to warrant a denial of costs, and it is so ordered.