Cleve DAVIS, Appellant,

v.

CRITERION INSURANCE COMPANY,
and Virgil Hewing, Appellees.

No. S–2130.

Supreme Court of Alaska.

May 27, 1988.

Ronald A. Offret, Aglietti, Pennington & Rodey, Fairbanks, for appellant.

Dennis M. Bump, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

OPINION

MOORE, Justice.

In this case we must decide whether an insurance company, after denying coverage, can be held liable for a failure to defend its insured in a prior suit when the insured failed to notify the insurer that she was being sued.

Cleve Davis sustained damage to his 1977 Dodge van and claimed bodily injury as a result of being rear ended by Patricia Love. The collision occurred as Davis was approaching a stop sign at the corner of 10th and Stewart in Fairbanks, on July 5, 1983. The car driven by Love was owned by Virgil Hewing. Hewing was insured by Criterion Insurance Co. under a policy which covered anyone driving with his permission. At the time of the collision, Hewing was a passenger in the Davis vehicle.

Davis notified Criterion of the collision on July 7, 1983. Crawford & Co., as adjusters for Criterion, investigated. Hewing and Davis made statements to Crawford's investigator that a domestic dispute between Hewing and Love just prior to the accident had led them both to believe Love had intentionally caused the collision. By August 4, 1983 Crawford had reported to Criterion that they had been unable to contact Love, but all the information they had obtained showed the accident resulted from an intentional act on the part of Love, the driver. Under Hewing's insurance policy, intentional acts by an insured are not covered. On the basis of Crawford's conclusion, Criterion denied coverage on Davis' claim for damages.

After being informed of the denial of coverage, Davis filed a claim with his own insurance carrier, Foremost Insurance Co. In a letter to Criterion dated August 14, 1984, Foremost claimed that it had contacted Love and she had told Foremost that she had not intentionally caused the accident.

Several months later, Davis filed a suit against Love for personal injuries arising out of the collision. Love did not notify Criterion of the action by Davis. After she failed to answer the complaint, a default was entered in favor of Davis. As a result, Davis was granted a default judgment by the clerk of the court, for $62,640 against Love. Love then assigned to Davis any rights she may have had against Criterion in exchange for an agreement from Davis not to execute the judgment against her.

On November 14, 1985 Davis filed the present action against Criterion for the amount of the default judgment, claiming Love was entitled to coverage and that Criterion had wrongfully failed to defend Love in Davis' earlier suit against Love.

Criterion moved for summary judgment claiming that Love had breached a condition precedent to Criterion's liability by failing to notify Criterion of Davis' action.[1] Davis countered that Criterion had waived the notice requirement by denying coverage before the suit arose.

The superior court granted summary judgment in favor of Criterion on two grounds: First, while recognizing that an insurer may waive contractual notification requirements by denying coverage, the court believed this rule would not apply when the insured did not know of and rely on the denial in failing to notify. Here, the court found no evidence that Love knew of or relied on Criterion's denial of coverage when she failed to send Criterion notice of Davis' suit. Second, the court found that Criterion was prejudiced by its lack of opportunity to defend in the earlier suit.

We reverse the grant of summary judgment and remand to the trial court to determine whether Criterion justifiably denied coverage of Davis' claim.

■ The underlying issue in this case is whether Criterion was justified in denying coverage of Davis' claim for damages.

Many other courts have held that, where an insurer wrongfully denies coverage, an insured's subsequent failure to forward the suit papers is not fatal to a valid claim. *See Mutual Benefit Health and Accident Ass'n v. Moyer,* 94 F.2d 906 (9th Cir.1938) (also reported at 9 Alaska 235); *Dixie Auto Ins. Co. v. Goudy,* 238 Ark. 432, 382 S.W. 2d 380 (1964); *Washington v. National Serv. Fire Insurance Co.,* 252 S.C. 635, 168 S.E.2d 90 (1969). We agree.

If a trial court finds that an insurer has justifiably denied coverage, the insurer has no liability to the insured for any judgment arising out of a collision. Conversely, if an insurer has wrongfully denied coverage, it has materially breached its contractual obligation to the insured under the insurance contract and cannot escape liability on the ground that the insured failed to comply with other terms of the contract subsequent to its own breach. We reached a similar result in *Theodore v. Zurich General Accident & Liability Insurance Co.,* 364 P.2d 51 (Alaska 1961). In that case, an insurance company refused to defend its insured on the ground that the claimed injury was not within the risks covered by the insurance policy. *Id.* at 53. The complaint alleged the plaintiff had suffered an injury which was arguably within the policy limits. *Id.* at 55. This court held when the insurer "unjustifiably repudiated its promise to defend the suit ... [it had] thus put to an end its right to demand compliance by the insured with other terms of the agreement." *Id.* at 55.

Thus if Criterion is found to have unjustifiably denied coverage, it has put an end to its right to demand compliance with other terms of the agreement and it cannot claim as a defense to liability Love's failure to send Criterion notice of the suit by Davis. We remand for the trial court to determine whether coverage of Davis' claim was justifiably denied by Criterion.[2]

---

1. For the purposes of this motion only, Criterion concedes that Love was driving Hewing's car with his permission and therefore was an insured.

2. On review of the summary judgment, we must determine whether a genuine issue of material fact exists viewing all reasonable inferences in favor of the non-moving party. *Zeman v. Lufthansa German Airlines,* 699 P.2d 1274, 1280 (Alaska 1985). It can reasonably be inferred from the August 14, 1984 correspondence between Foremost and Criterion that a factual

■ Without reaching the other issues raised by the parties, the decision of the superior court is REVERSED, and we REMAND the case for further proceedings consistent with this opinion.[3]

question exists as to whether Love acted intentionally in causing the collision.

3. On remand, if the superior court finds Criterion liable, the proper measure of damages is not necessarily the amount of the default judgment. The question of damages is not an issue on appeal. However, based upon the facts presented in the record on appeal, the court clerk committed clear error in Davis' earlier suit against Love by entering a default judgment pursuant to Civil Rule 55(b).

Alaska Rule of Civil Procedure 55(b)(1) is substantially similar to Federal Rule of Civil Procedure 55(b)(1). Under the federal rule, after the entry of default, the plaintiff is entitled to have a default judgment entered by the clerk *only* where the claim is for a sum certain, or for a sum which can by computation be made certain. To meet the requirements of Federal Rule 55(b)(1), damages must be for a liquidated sum. 6 J. Moore, W. Taggert & J. Wicker, *Moore's Federal Practice* §§ 55.04, .05 (2d ed. 1985); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2683 (2d ed. 1983). The same holds true under Alaska Civil Rule 55. Damages for bodily injury or pain and suffering by their very nature are not a fixed or liquidated sum, nor can the sum be made certain by computation. Default judgments in personal injury suits should be entered by the court under Alaska Civil Rule 55(c), not by the clerk under Alaska Civil Rule 55(b).